**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKINTOYE LAOYE, | |
| Plaintiff, | Civil Action No. 14-5195 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Akintoye Laoye's ("Plaintiff") Motion to Reopen the Case. (ECF No. 4.) By Order dated June 30, 2015, the Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, and thereafter, this case was terminated. (ECF No. 2.) In the June 30, 2015 Order, the Court stated that Plaintiff's IFP was denied for "[i]nsufficient showing of inability to pay filing fees, 28 U.S.C. 1915," and it directed Plaintiff to "use [the IFP] form provided on the Court's website." (*Id.*) Thereafter, on July 20, 2015, Plaintiff submitted a new IFP application using the form on the Court's website. (ECF No. 3.) Having reviewed Plaintiff's newly filed IFP application, the Court will grant the application on the strength of Plaintiff's allegation of indigence. The Court, however, considering Plaintiff's Complaint, dismisses the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.     Legal Standard**

"In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of Plaintiff." *Abdul-Mateen v. Fed. Bureau of Prisons*, No. 11-4715, 2012 WL

2087451, at *1 (D.N.J. June 8, 2012). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[t]o prevent summary dismissal, [the] complaint[] must allege 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal citation omitted). Moreover, while pro se pleadings are liberally construed, *Higgs v. Att'y. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

## II.     Analysis

Plaintiff asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Specifically, Plaintiff alleges the he was denied medical care as a result of the Immigration and Customs Enforcement Agency's ("ICE") failure to respond to his requests for the removal of his ankle bracelet. (Compl. 1, ECF No. 1.) The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Under the FTCA, a plaintiff may sue the United States "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). An FTCA plaintiff may not recover for mental or emotional damages in the absence of physical injury. *See Abdul-Mateen*, 2012 WL 2087451, at *2.

Here, Plaintiff does not provide sufficient facts to support his FTCA claim. Although Plaintiff alleges that "he was advised [] by ICE" as to the procedure for requesting removal of his ankle bracelet and that he "personally" dropped off two requests for removal of the ankle bracelet, Plaintiff does not provide the names of any of the ICE agents that allegedly advised him nor does he provide the dates on which he made these requests. (Compl. 1.) In addition, while Plaintiff contends that he satisfied the FTCA's jurisdictional notice requirements[1] by sending "a formal complaint to the [Office of Inspector General]," it is not clear that this claim was presented to ICE as required by the FTCA. 28 U.S.C. § 1346(b). (*Id.* at 3) Furthermore, while Plaintiff seeks $3,500,000 for his injuries, the only information that Plaintiff provides as to his "injuries" is that

---

[1] As a prerequisite to filing certain types of civil suits against federal agents, the FTCA requires a claimant to "present [] the claim to the appropriate Federal agency" before filing a lawsuit. 28 U.S.C. § 2675(a). The purpose of this requirement is to ensure that the relevant agency has notice of the claim, so that "it may investigate the claim and respond either by settlement or by defense." *Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 538 (D.N.J. 2013) (quoting *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958 (3d Cir. 1982)) (internal quotations omitted). The Attorney General has promulgated regulations that govern how a FTCA claim is to be "presented" to a Federal agency; among them is 28 C.F.R. § 14.2, which provides:

> For the purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been represented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an accident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . .

28 C.F.R. § 14.2(a). These FTCA requirements are "strictly construed." *Martin*, 965 F. Supp. 2d at 538 (quoting *Livera v. First Nat'l Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)) (internal quotations omitted).

3

he has "immense physical and psychological pain and suffering" as a result of his inability to undergo a scheduled surgery[2]. (Compl. 1.) Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the Complaint fails to satisfy Rule 8(a)'s requirements because the facts alleged are not sufficient to show that Plaintiff is entitled to relief under the FTCA.

Moreover, the deficiencies in Plaintiff's Complaint cannot be cured by amendment. The crux of Plaintiff's Complaint is that ICE violated his constitutional rights by failing to remove the ankle bracelet. (Compl. 2 ("The inaction by ICE and [i]gnoring of this request is worse than denying plaintiff's medical request due to the fact it shows complete disregard for his health issues also his right to medical care and this opens the United States to a civil action due to the fact that the agents of ICE have ignored his fundamental rights under the constitution of the United States.").). "Federal constitutional violations are not cognizable under the FTCA." *Abdul-Mateen*, 2012 WL 2087451, at *2 (citing *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994)). Thus, granting Plaintiff leave to amend would be futile. Accordingly, the Court dismisses the Complaint with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002) (stating that Section 1915(e)(2) permits dismissal with prejudice where amendment is futile).

### III. Conclusion

For the reasons set forth above, the Court grants Plaintiff's Motion to Reopen the Case and Plaintiff's application to proceed *in forma pauperis*. The Court, however, dismisses the Complaint

---

[2] In correspondence dated January 20, 2014, Dr. Michael Steinle, D.M.D., states that "Plaintiff will be having corrective jaw surgery." (ECF No. 1.) Plaintiff alleges that he submitted this correspondence to ICE. (Compl. 1.)

4

with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim. The Court will issue an Order consistent with this Memorandum Opinion.

s/Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

Dated: March 1, 2016