# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AKINTOYE LAOYE,

       Plaintiff,

       v.

UNITED STATES OF AMERICA,

       Defendant.

Civil Action No. 14-5195 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Akintoye Laoye's ("Plaintiff") ex parte application for a temporary restraining order ("TRO"). (ECF No. 15.) Plaintiff seeks an order from the Court requiring Defendant United States of America ("Defendant") to refrain from: (1) "detaining [Plaintiff] without any concrete reasons"; or (2) attempting to remove or relocate Plaintiff during the duration of Plaintiff's pending lawsuit, which alleges violations of the Federal Tort Claims Act ("FTCA"). (TRO Appl. ¶ 2.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

"The Supreme Court [has] held that [a] [TRO] should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)).

The Third Circuit has further instructed that a party seeking a temporary restraining order must meet all four factors, as a movant's "failure to establish any element in its favor renders [this remedy] inappropriate." *Id.* A movant has the burden of establishing a "clear showing of immediate irreparable injury." *Louis v. Bledsoe*, 438 F. App'x 129, 130 (3d Cir. 2011) (citing *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). "Establishing a risk of irreparable harm is not enough." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

Here, Plaintiff fails to establish that the factors weigh in favor of granting a temporary restraining order. Specifically, Plaintiff fails to show immediate irreparable harm. Plaintiff merely claims that "any attempt at this time by [D]efendant[] to retaliate or attempt to remove [P]laintiff would be a gross injustice" because Plaintiff may be able to successfully argue his FTCA claims. (TRO Appl. ¶ 1.) Plaintiff makes no argument as to why the harm is either "immediate" or "irreparable," and only alleges a risk of harm. *See ECRI*, 809 F.2d at 226. Based upon Plaintiff's submission, the Court finds that Plaintiff has failed to demonstrate that he will suffer immediate irreparable injury absent a temporary restraining order.

Accordingly, for the reasons set forth above, and other good cause shown, **IT IS** on this 24th day of May 2017, **ORDERED** that Plaintiff's ex parte TRO application (ECF No. 15) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

2