UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AKINTOYE O. LAOYE,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil Action No. 14-5195 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Akintoye Laoye's ("Plaintiff") ex parte application for a temporary restraining order ("TRO"). (ECF No. 18.) Plaintiff seeks an order from the Court requiring Defendant the United States of America ("Defendant") to refrain from: (1) "detaining [Plaintiff] without any concrete reasons like violation of ICE ATD (Alternative to Detention)"; or (2) attempting to remove or relocate Plaintiff during the duration of Plaintiff's pending lawsuit, which alleges violations of the Federal Tort Claims Act ("FTCA").[1] (TRO Appl. ¶ 2.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

"The Supreme Court [has] held that [a] [TRO] should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the

---

[1] Plaintiff alleges Defendant acted negligently "in regard[] to [a] medical procedure by . . . ignor[ing] [a] medical request letter by [his] doctor." (TRO Appl. ¶ 1.)

injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)).

The Third Circuit has further instructed that a party seeking a temporary restraining order must meet all four factors, as a movant's "failure to establish any element in its favor renders [this remedy] inappropriate." *Id.* A movant has the burden of establishing a "clear showing of immediate irreparable injury or presently existing actual threat." *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citing *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). "Establishing a risk of irreparable harm is not enough." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

Here, Plaintiff fails to establish that the factors weigh in favor of granting a temporary restraining order. Specifically, Plaintiff fails to show immediate irreparable harm. Plaintiff claims that "any attempt at this time by [D]efendant[] to retaliate or attempt to remove [P]laintiff would be a gross manifest injustice" because Plaintiff (1) may be able to successfully argue his FTCA claims and (2) "[D]efendant[']s agents have denied him medical care[,] an issue that has caused [P]laintiff continuous psychological and physical pain."[2] (TRO Appl. ¶ 1, 5.) Plaintiff asserts that if his TRO application is denied, he will be unable to undergo dental surgery because "Nigeria . . . lack[s] [the] proper medical facilities for the kind of surgery he has to have done." (TRO Appl. ¶ 5.) At bottom, Plaintiff requests that the Court prohibit Immigration and Customs Enforcement ("ICE") from lawfully removing him from this country. Plaintiff, however, proffers no evidence

---

[2] The Court finds that the alleged harm is based on underlying factual allegations that give rise to Plaintiff's FTCA claims. (*See* ECF Nos. 1, 13, 14.) In other words, Plaintiff alleges past harm, which is insufficient to establish irreparable harm. *See Talbert v. Corizon Med.*, 605 F. App'x 86, 87 (3d Cir. 2015) ("[I]njunctive relief is appropriate only when there is a . . . 'presently existing actual threat.'" (quoting *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980))).

showing that Defendant is seeking to remove or relocate Plaintiff, or that Defendant is interfering with Plaintiff receiving dental surgery. (TRO Appl. ¶ 5.) "[I]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued 'to restrain one from doing what he is not attempting and does not intend to do.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992) (quoting *Cont'l Grp., Inc.*, 614 F.2d at 359). The Court finds that Plaintiff fails to establish a "clear showing of immediate irreparable injury," and only alleges a risk of harm. *Louis*, 438 F. App'x at 131; *see ECRI*, 809 F.2d at 226. Based upon Plaintiff's submission, the Court concludes that Plaintiff has failed to demonstrate that he will suffer immediate irreparable injury absent a temporary restraining order.

Accordingly, for the reasons set forth above, and other good cause shown, **IT IS** on this 14th day of July 2017, **ORDERED** that Plaintiff's ex parte TRO application (ECF No. 18) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**