**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AKINTOYE & AMANDA LAOYE,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil Action No. 14-5195 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on the joint *in forma pauperis* application (ECF No. 23) and joint amended complaint (ECF No. 22) of Plaintiffs Akintoye Laoye and Amanda Laoye (collectively "Plaintiffs"). After review of Plaintiffs' joint *in forma pauperis* application, the Court grants the application on the strength of Plaintiffs' allegations of indigence. (ECF No. 23.) The Court, however, dismisses without prejudice Amanda Laoye's *Bivens* claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.   Background**

Plaintiff Akintoye Laoye ("Akintoye") and Plaintiff Amanda Laoye ("Amanda")[1] raise this claim against the United States Government for alleged negligence and civil rights violations by certain agents of the Immigration and Customs Enforcement Agency ("ICE"). During the time of the alleged acts of negligence and civil rights violations, Akintoye "was under electronic

---

[1] For ease of reference, the Court refers to individual Plaintiffs by their first names because Plaintiffs share the same last name.

surveillance by homeland security." (*See* Am. Compl. 1, ECF No. 22.) Akintoye sought to temporarily remove the electronic surveillance device in order to undergo a scheduled jaw surgery. (*Id.* at 2.) Per the instructions of an unnamed ICE agent, Akintoye left two letters written by his doctors with what Plaintiffs refer to as the "bracelet office"—BI Incorporated—confirming the device must be removed in order for him to undergo surgery. (*Id.* at 2, 11-12.) On the day of the surgery, the surgeon's office was unable to get approval to remove the device from ICE and Akintoye did not receive the surgery. (*Id.* at 3.) Akintoye filed a complaint with this Court, arguing that ICE was negligent in ignoring the two medical letters, thus causing him physical and emotional harm. (Compl. 2, ECF No. 1.) Following an order requiring the consolidation of all related claims (ECF No. 17), Plaintiffs filed the present joint amended complaint alleging a Federal Tort Claims Act ("FTCA") claim brought by Akintoye and a *Bivens* complaint brought by Amanda. (ECF No. 22.) Plaintiffs seek "$3,500,000 or whatever the [C]ourt feels just" for the FTCA claim, and $250,000 for the *Bivens* claim. (Am. Compl. 3, 4.)

## II. Legal Standard

"The legal standard for dismissing a complaint for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x. 120, 122 (3d Cir. 2012). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 555 (2007)). "In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of [the p]laintiff." *Abdul-Mateen v. Fed. Bureau of Prisons,* No. 11-4715, 2012 WL 2087451, at *1 (D.N.J. June 8, 2012). Nonetheless,

"pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013).

### III. FTCA Claim

The Court has considered Akintoye's FTCA claim and finds it sufficient to survive preliminary review.

### IV. *Bivens* Claim

Amanda files a *Bivens* claim against "unknown ICE agents" alleging they violated her husband's Eighth Amendment right against cruel and unusual punishment by ignoring his medical requests and failing to provide him medical care. (Am. Compl. 4.) This violation has "caused her a loss of consortium" for which she seeks $250,000 in damages. (*Id.*) A loss of consortium claim allows a spouse to recover for "loss of society, companionship, and services from an injured spouse." *Worster-Sims v. Tropicana Entm't, Inc.,* No. 13-1981, 2016 WL 4801431, at *8 (D.N.J. Sept. 8, 2016). It is a "derivative claim [that is] depend[ent on] the existence of tortious conduct on the part of the defendants." *Acevedo v. Monsignor Donovan High Sch.,* 420 F. Supp. 2d 337, 347 (D.N.J. 2006) (citation and internal quotation marks omitted) (citing *Murray v. Com. Union Ins. Co.,* 782 F.2d 432, 438 (3d Cir. 1986)). Thus, the primary claim raised by the proponent's spouse must be "legally sufficient to support such a derivative claim." *McKinnon v. Gonzales,* No. 07-1694, 2008 WL 305590, at *1 (D.N.J. Jan. 30, 2008).

Here, Amanda bases her loss of consortium claim on her *Bivens* complaint alleging violation of her husband's Eighth Amendment rights. Because Akintoye does not raise the *Bivens* complaint himself, it appears Amanda is attempting to raise this *Bivens* claim on his behalf. A third party does not have standing to raise a constitutional claim on behalf of his or her spouse; rather, to raise a constitutional claim, "the plaintiff must allege that the unconstitutional conditions

3

affected [him or her] personally". *Asquith v. Taylor*, No. 05-1718, 2006 WL 932329, at *3 (D.N.J. Apr. 7, 2006); *see also Allen v. Wright*, 468 U.S 737, 751 (1984). Here, it was Akintoye, not Amanda, who allegedly suffered an Eighth Amendment violation. Amanda, therefore, impermissibly raises this Eighth Amendment claim on Akintoye's behalf, and, as such, her derivative loss of consortium claim is baseless. Because Amanda does not base her loss of consortium claim on any claim that Akintoye raises, there is no basis for Amanda's claim. The Court, accordingly, dismisses without prejudice the *Bivens* claim.

**V.     Conclusion**

For the reasons set forth above, the Court grants Plaintiffs' joint application to proceed *in forma pauperis*. The Court, however, dismisses without prejudice the *Bivens* claim pursuant to 28 U.S.C. § 1915(e)(B). Plaintiffs may file a Second Amended Complaint within thirty days.[2] Failure to file a Second Amended Complaint will result in the dismissal of the *Bivens* claim with prejudice. The Court will enter an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court will screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e). Because the Court permits Plaintiffs' FTCA claim to proceed, the Court finds it appropriate to require service of the Amended Complaint at this time.

4